UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RONALD J. DUFRENE, JR., ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 07-9698** |
| **PHILLIPS AND JORDAN, INC.** | * | **SECTION "L" (3)** |

## ORDER & REASONS

Before the Court is the Defendant's Motion to Dismiss for Plaintiffs' Failure to State a Claim (Rec. Doc. 5). For the following reasons, the Defendant's motion is DENIED.

On November 27, 2007, the Plaintiffs filed suit in state court for unjust enrichment arising from the Defendant's alleged unauthorized use of Plaintiffs' arborist license contrary to state law. The Plaintiffs are an aborist and a landscaping company and allege that the Defendant fraudulently used their aborist license to secure various contracts without the Plaintiffs' knowledge or consent. The Defendant removed the case to federal court and now moves to dismiss pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* for failure to state a claim.

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1965

1

(2007)).

The Defendant argues that the Plaintiffs have failed to state a claim upon which relief can be granted because the Defendant never contracted with the Plaintiffs and never performed work for the Federal Emergency Management Agency or the State of Louisiana, as alleged in the complaint. The Defendant also asserts that the Plaintiffs have abandoned this claim because they have not filed any pleadings in the three months that have passed since the case was removed to federal court.

In considering a motion to dismiss, the court must assume that all of the Plaintiffs' allegations are true, "even if doubtful in fact." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007)). In the present case, assuming that the Defendant fraudulently used the Plaintiffs' arborist license, the Court finds that the Plaintiffs' claims are plausible on their face. Moreover, the Defendant's abandonment argument simply lacks merit. Therefore, without further factual development, it is inappropriate to dismiss this case at this time. Accordingly, IT IS ORDERED that the Defendant's Motion to Dismiss (Rec. Doc. 5) is DENIED.

New Orleans, Louisiana, this  2nd   day of April, 2008.

                                                      UNITED STATES DISTRICT JUDGE